JOSEPH G. BEMIS *vs.* BOARD OF COUNTY COMMISSIONERS OF RICE COUNTY.

June 26, 1876.

**Sheriff—Reward for Recapture of Escaped Prisoner.**—A sheriff has no power to bind his county by the *offer* of a reward for the recapture of a person charged with crime who has escaped from the county jail.

This action was brought in the district court for Rice county, and tried before *Lord*, J., and a jury, who found a verdict for plaintiff, on which judgment was entered, and defendant appealed.

*George N. Baxter*, for appellant.

*Gordon E. Cole*, for respondent.

GILFILLAN, C. J. Two prisoners, confined in the county jail of Rice county upon a criminal charge, having escaped, the sheriff of the county offered a reward for their recapture. They were recaptured and delivered to the sheriff by the plaintiff, who brings this action against the county to recover the reward. It was admitted by the defendant, on the trial, that if the sheriff could, under any circumstances, offer a reward for the apprehension of a felon, binding upon the public, the offer in this case was right and proper, and reasonable in amount.

The sole question in the case is, can a sheriff bind his county by an offer of a reward for the arrest of persons, charged with criminal offences, escaping from his custody?

No such authority, either express or implied, is to be found in the statute. At common law the powers and authority of a sheriff were much more extensive than they are now. But no decision or text-book is cited, and we think none can be found, which even hints at any power in the sheriff to bind ·either his county or the crown by the offer of a reward for the apprehension of criminals. It was his duty, and he had authority, to pursue and take all traitors, murderers, felons, and other misdoers, and commit them to jail for safe custody, and for this purpose he might command all the .people of his county to attend him. No other means for the performance of his duty in arresting criminals seem to have been placed at his disposal except the *posse comitatus*. As the power to bind the county by such an offer is not to be found in the statute nor the common law, it does not exist.

Judgment reversed.